CARRERA, DEMANDANTE Y APELADO, *v.* MARRERO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2020.—Resuelto en junio 23, 1919.

CONTRATOS Y OBLIGACIONES—DACIÓN EN PAGO—CONDICIONES NO CUMPLIDAS—EXTINCIÓN DE LA OBLIGACIÓN.—Cuando un acreedor recibe de su deudor una cosa a título de dación en pago bajo determinada condición, es preciso que esa condición se cumpla para que entonces pueda la dación surtir el efecto de extinguir la primitiva obligación.

ID.—ID.—CONDICIONES IMPOSIBLES—CONSUMACIÓN DEL CONTRATO.—Para que un contrato de dación en pago celebrado bajo determinada condición quede consumado es necesario que se cumpla la condición; y consiguientemente, si la condición establecida fuere imposible, como cuando la condición consiste en hacer dación de una finca debidamente inscrita en el registro, y

la que se ha dado en pago de la deuda es una finca que no pertenece al deudor solamente, sino en unión de otros condueños, no podrá decirse que el contrato quedó consumado, ni que se hayan extinguido los créditos primitivos del acreedor, quien puede, en consecuencia, reclamar su pago.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Angel A. Vázquez* y *Rodolfo Ramírez.* ·

Abogado del apelado: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

El apelante aceptó en su contestación a la demanda que había suscrito la obligación que se le reclama en este pleito de pagar el día 30 de diciembre de 1916 la cantidad de $411, pero alegó que para satisfacer esta deuda y otra a favor del mismo demandante le dió en pago una finca respecto a la cual el demandante inició un expediente judicial para que se declarase su posesión a título de dueño.

La sentencia dictada en este pleito fué contraria al demandado quien aduce como único fundamento para que la revoquemos que la prueba es insuficiente para sostenerla.

Si bien de la prueba resulta que el demandado dió dicha finca al demandante en pago de la obligación que en este pleito le reclama y por otra más de $400 titulándose dueño de ella aunque sin título escrito, también resulta que tal dación en pago quedaría consumada cuando después de tramitar el demandante expediente posesorio de la finca fuera inscrita a su favor en el registro de la propiedad en cuyo momento le devolvería éste los documentos de las dos obligaciones mencionadas y cierta cantidad como complemento del precio de la dación en pago; y resulta también que iniciado el expediente posesorio por el demandante apareció de la oposición que en él hicieron los hermanos del demandado que la finca se halla inscrita en el registro de la propiedad a nombre de la madre del demandado, que no se ha hecho la partición de esa finca entre los herederos de dicha señora y que los hermanos del demandado no han traspasado a éste

sus derechos hereditarios en la finca ni tampoco al demandante, habiendo terminado el expediente posesorio con una resolución contraria a la declaración de posesión a favor del demandante.

La exposición de estos hechos demuestra que la sentencia apelada está sostenida por la prueba, pues· apareciendo de ésta que la condición de que la finca fuera inscrita en el registro de la propiedad a favor del demandante no puede cumplirse porque el apelante le había dado en pago de sus deudas una finca que no le pertenece a él·solo sino en unión de sus hermanos como herederos todos de su madre a cuyo favor está inscrita en el registro de la propiedad, el contrato de dación en pago no llegó a consumarse y por este motivo no se han extinguido los créditos del demandante quien pudo en consecuencia reclamar su pago.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, del Toro y Hutchison.